UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14099-ROSENBERG/WHITE

PRINCESTON J. S. PADGETT,

    Plaintiff,

v.

WILLIAM D. SNYDER, Sheriff
of Martin County, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' APPEAL
## OF MAGISTRATE'S NON-FINAL ORDER RE SUBSTITUTION
## OF PARTY ON SUGGESTION OF DEATH AND MOTION TO RECONSIDER

**THIS CAUSE** is before the Court on Defendants' Appeal [DE 30] of a non-dispositive pretrial Order entered by Magistrate Judge Patrick A. White granting Ophelia Williams Padgett's Motion for Substitution on Suggestion of Death [DE 22]. Defendants also seek review of Magistrate Judge White's Order denying Defendant's Motion for Reconsideration of that Order [DE 26]. The Court construes the Appeal as an objection made pursuant to Federal Rule of Civil Procedure 72(a). Defendants maintain that Magistrate Judge White erred by not applying Florida state law when considering Ophelia Padgett's Motion for Substitution. Defendants further argue that because Ms. Padgett was not appointed as the personal representative of Plaintiff's estate, she lacks standing to maintain the claims pleaded by the deceased Plaintiff. Defendants request that the Order granting Ophelia Padgett's Motion for Substitution be vacated. For the reasons set forth below, Defendants' Appeal is **GRANTED**.

### I. Background

On March 21, 2017, *pro se* Plaintiff, Princeston J. S. Padgett, filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Martin County Sheriff William D. Snyder, Deputy Sheriff James Bitz, Deputy Sheriff Brian Tison, and Deputy Sheriff Kevin Fritchie. *See* DE 1. The Court referred the

case to Magistrate Judge White for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters. *See* DE 3. On May 23, 2018, Magistrate Judge White issued a Report and Recommendation [DE 8] recommending that Plaintiff's Fourth Amendment excessive force claim against Deputies Brian Tison and Kevin Fritchie proceed, and that all other claims be dismissed. On June 12, 2017 this Court issued an Order [DE 9] adopting Magistrate Judge White's Report and Recommendation.

With respect to the surviving claims, Plaintiff's Complaint alleges that on June 21, 2013, Martin County Deputy Sheriffs Fritchie and Tison acted under color of state law in their individual capacities to infringe Plaintiff's Fourth Amendment rights. Plaintiff alleges that Deputy Fritchie commanded a canine officer to attack Plaintiff after Plaintiff had surrendered and was in a prone position, and that Deputy Tison's use of restraints was such that they caused loss of circulation and permanent damages to his extremities. Plaintiff died on March 19, 2017,[1] almost four years after the alleged abuse, while confined at the Jackson Work Camp in Malone, Florida. *See* DE 19. Plaintiff's mother and next of kin, Ophelia Williams Padgett ("Ms. Padgett"), was served with a Suggestion of Death on November 5, 2017. *See* DE 19-2. On January 23, 2018, Ms. Padgett filed a Motion for Substitution [DE 21], requesting that she be substituted as the party plaintiff in this action. Magistrate Judge White granted that Motion, *see* DE 22, and denied Defendants' subsequent Motion for Reconsideration, *see* DE 26. This Appeal followed.

## II. Standard of Review

A magistrate judge is permitted to hear and determine any non-dispositive pre-trial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). A district court may set aside or modify an order on such matters only if the district court finds it is "clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a); S.D. Fla. Mag. R. 4(A). An order is "clearly erroneous" when "the reviewing court, after

---

[1] While Plaintiff's Complaint was received and docketed by the Court on March 21, 2017—two days after Plaintiff's death—Plaintiff's Complaint is signed and dated as of March 14, 2017, and was mailed from prison on March 16, 2017. *See* DE 1. In other words, this action was commenced by Plaintiff prior to his death.

assessing the evidence in its entirety, is left with the definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362, 1366 (S.D. Fla. 2016) (citations omitted).

### III. Discussion

This Court must determine whether Ms. Padgett, in her current capacity as deceased Plaintiff's mother and next of kin, has standing to prosecute Plaintiff's § 1983 action. Magistrate Judge White concluded that federal common law, rather than Florida state law, should be applied to determine whether a decedent's next of kin may be substituted as a party in a § 1983 action and that, under federal common law, Ms. Padgett could be substituted as a party plaintiff. Defendants maintain that Magistrate Judge White erred by not applying Florida state law when considering Ms. Padgett's Motion for Substitution. Defendants further argue that because Ms. Padgett has not been appointed as the personal representative of Plaintiff's estate, she does not have standing to maintain the action commenced by the deceased Plaintiff.

42 U.S.C. § 1983 does not expressly provide for the survival of a civil rights action in favor of another upon the death of the injured party. *See Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1043 (11th Cir. 2011). In such cases, "42 U.S.C. § 1988(a) *requires* application of state survivorship law, provided that law is not inconsistent with the Constitution and laws of the United States." *Id.* (emphasis added) (internal quotation marks omitted); 42 U.S.C. § 1988. "To determine whether state law is inconsistent with federal law within the meaning of § 1988(a), the Supreme Court teaches that courts must look to the text of the federal statutes and Constitutional provisions at issue as well as the policies expressed in them." *Estate of Gilliam*, 639 F.3d at 1046 (citing *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978)). "The policies underlying § 1983 include compensation of

3

persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson*, 436 U.S. at 590 (citing *Carey v. Piphus*, 435 U.S. 247, 254 (1978)).

With these principles in mind, the Court must determine which provision of Florida survivorship law—encompassing both Florida's survival statute, Fla. Stat. § 46.02 (2014), and the Florida Wrongful Death Act, Fla. Stat. § 768.16–768.26 (2014)—is applicable to this action; whether the applicable provision is inconsistent with any of the laws, Constitutional provisions, or underlying policies at issue in this action; and, if not, whether Ms. Padgett may be substituted as the party plaintiff in this action under applicable Florida law.

**A. Florida Wrongful Death Act**

Magistrate Judge White determined that the Florida Wrongful Death Act was the applicable state law in this case, that the Act is inconsistent with § 1983, and that federal common law, rather than Florida state law, should therefore be applied. This Court disagrees that the Florida Wrongful Death Act is the state law to which it should look. The Act provides that an "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by *the injury resulting in death*." Fla. Stat. § 768.20 (emphasis added). Plaintiff's Complaint alleges unlawful and excessive force but fails to include allegations of wrongful death, which is unsurprising in light of the fact that Plaintiff had not yet died at the time he prepared his Complaint. *See* DE 1; DE 9. Plaintiff died nearly four years after the incident on which his Complaint is based. *See* DE 1; DE 19-1. In his Complaint, Plaintiff alleges that Deputy Fritchie commanded a canine officer to attack him after Plaintiff had surrendered and was in a prone position, and that Deputy Tison's use of restraints was such that they caused loss of circulation and permanent damages to his extremities. *See* DE 1. Neither of these injuries is alleged to, nor likely to, have caused Plaintiff's death nearly four years later.

4

The Court acknowledges that the majority of Florida's federal district courts that have addressed a survivor's standing in § 1983 cases have applied the Florida Wrongful Death Act; however, the courts have done so in cases where the civil rights violation resulted in the death of the decedent. *See, e.g.*, *Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326, 1335 (N.D. Fla. 2017); *Estate of Breedlove v. Orange Cty. Sheriff's Office*, No. 6:11–cv–2027–Orl–31KRS, 2012 WL 2389765, at *2–4 (M.D. Fla. June 25, 2012); *Christie v. Lee Cty. Sheriff's Office*, No. 2:10–CV–420–FtM–36DNF, 2011 WL 4501953, at *5–6 (M.D. Fla. Sept. 28, 2011); *Torres v. Orange Cty.*, No. CIVA6991662CIVORL-19B, 2000 WL 35527256, at *1 (M.D. Fla. May 16, 2000). In light of the nature of Plaintiff's allegations, the nature of his alleged injuries, and the length of time between the alleged injuries and his death, it does not appear that that is the case here.

The Court notes that Defendants, in response to Magistrate Judge White's decision to examine the Florida Wrongful Death Act, refer this Court to *Crosby v. Sumter County*, No.: 5:06-cv-217-Oc-10GRJ, 2007 WL 2700976 (M.D. Fla. 2007), and the analysis therein. Reliance on *Crosby* would be misplaced. In *Crosby*, the plaintiff filed a § 1983 claim on behalf of his grandmother subsequent to her death. The Court appropriately turned to the relevant probate statute, which explicitly required that the party commencing the action be a "personal representative" of the decedent's estate. *Crosby*, 2007 WL 2700976 at *3. Unlike in *Crosby*, the deceased Plaintiff in this suit filed his § 1983 claim prior to his death. In other words, because Plaintiff had already commenced his § 1983 action, the relevant probate statute does not apply. *See* Fla. Stat. § 733.104 (2000) ("If a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, the action may be *commenced* by that person's personal representative . . . ") (emphasis added). The Court turns next to Florida's survival statute.

### B. Florida's Survival Statute

"Florida's survival statute, Fla. Stat. § 46.021 (2014), preserves the right to bring personal injury actions which the decedent may have brought prior to his death only when the personal injury was not the cause of death." *Cone v. Orosa*, No. 13–cv–24674–JLK, 2014 WL 1383028, at *2 (S.D. Fla. April 8, 2014) (citing *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1219 (M.D. Fla. 2011)). The Court finds that, as it does not appear that the injuries alleged in Plaintiff's Complaint caused his death, Florida's survival statute is the appropriate law to apply to this action. The Court also finds that this statute is not inconsistent with § 1983. *See* Fla. Stat. § 46.021 (stating simply that "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law."). The Court therefore applies Florida's survival statute to determine whether Ms. Padgett may be substituted as the party plaintiff in this action.

Florida's survival statute makes no mention of who must maintain the suit, apart from providing: "[a]ll causes of action survive and may be commenced, prosecuted, and defended in the *name of the person prescribed by law*." Fla. Stat. § 46.021 (emphasis added). However, Florida courts have found that if the decedent's estate has been opened, then the proper party for substitution is the decedent's personal representative. *Schaeffler v. Deych*, 38 So. 3d 796, 800 (Fla. 4th DCA 2010) (citing *Vera v. Adeland*, 881 So. 2d 707, 710 (Fla. 3d DCA 2004)); *see also Metcalf v. Lee*, 952 So. 2d 624, 630 (Fla. 4th DCA 2007). "If no estate has been opened, then another appropriate representative, such as a guardian ad litem, will need to be substituted." *Vera*, 881 So. 2d at 710; *see also Ballard v. Wood*, 863 So. 2d 1246, 1249 (Fla. 5th DCA 2004) (holding that trial court's failure to substitute guardian ad litem for incompetent defendant nullified subsequent proceedings); *Logan v. Smith*, No. 3:07-cv-1156-J-JBT, 2016 WL 9115544, at *2 (M.D. Fla. Feb. 8, 2016) (citing *Boyer v. Boyer*, 182 So.

222, 223 (Fla. 1938)) (concluding that, under Florida law, only a "legal representative" of the decedent is a proper party for substitution).

Ms. Padgett is not the appropriate party for substitution because there is nothing in the record to demonstrate that Ms. Padgett is Plaintiff's legal representative. Although the Court is sympathetic to Ms. Padgett's predicament, her status as Plaintiff's next of kin and successor qualifies her to *move* for substitution but not to be substituted as a proper party. *See* Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."). Her status as legal guardian of Plaintiff's minor children, *see* DE 21, establishes her legal relationship to the Plaintiff's *children* but not to the Plaintiff. Nothing in the record reveals the status of Plaintiff's estate or the appointment of a personal representative.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendants' Appeal of Magistrate's Non-Final Order Re Substitution of Party on Suggestion of Death and Motion to Reconsider [DE 30] is **GRANTED**.

2. Magistrate Judge White's Order Re Substitution of Party on Suggestion of Death [DE 22] and Order on Defendant's Motion for Reconsideration [DE 26] are **VACATED**.

3. Ms. Padgett or any other appropriate person may file a renewed motion for substitution by no later than **August 24, 2018**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of July, 2018.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE